# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN CASSINI,<br><br>            Plaintiff,<br><br>    v.<br><br>HARLEY LAPPIN, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:08-cv-00644-OWW-SMS-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.    Screening Requirement**

Plaintiff Michael Cassini ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  Plaintiff filed this action on May 8, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

    **A. Summary of the Complaint**

Plaintiff is a federal prisoner currently housed at the Federal Correctional Institution in Terminal Island, California. The events giving rise to the complaint occurred while Plaintiff was incarcerated at Taft Correctional Institution (TCI) in Taft, California. TCI is a federal correctional facility operated by the GEO Group, Inc., pursuant to a contract between GEO and the Federal Bureau of Prisons (BOP). Plaintiff raises a Fifth Amendment equal protection challenge to a joint TCI-BOP policy that limits the number of administrative appeals a prisoner at TCI may file after receiving a disciplinary infraction.

The Code of Federal Regulations sets forth disciplinary procedures for federal prisoners under the care and control of the BOP. See 28 C.F.R. § 541 (2008).[1] Each federal correctional facility must establish a Unit Discipline Committee (UDC), comprised of "one or more institution staff members delegated by the Warden the authority and duty to hold an initial hearing upon completion of the investigation concerning alleged charge(s) of inmate misconduct." 28 C.F.R. § 541.2 (2008). The UDC may impose minor dispositions and sanctions.[2]

///

---

[1] As the events giving rise to the complaint occurred in 2007, the 2007 version of the Code of Federal Regulations governed Plaintiff's administrative remedies at the time. The relevant sections of the 2007 Code were republished without change in the 2008 edition of the Federal Code of Regulations.

[2] When an alleged offense is serious and warrants consideration for other than minor sanctions, the UDC must refer the charges to a Discipline Hearing Officer (DHO). 28 C.F.R. § 541.15 (2008). The DHO then "conduct[s] hearings, make[s] findings, and impose[s] appropriate sanctions for incidents of inmate miscounduct referred for disposition following the hearing required by §541.15 before the UDC." 28 C.F.R. § 541.16 (2008).

The Code establishes three levels of administrative review of disciplinary action taken against federal prisoners. 28 C.F.R. §§ 542.10-542.15 (2008). Each institution's warden, the BOP Regional Director, and the BOP General Counsel are responsible for the implementation and operation of the Administrative Remedy Program at the institutional, regional, and Central Office levels, respectively. 28 C.F.R. § 542.11(a) (2008). The first level of administrative review, referred to as BP-9, allows prisoners to appeal UDC decisions to the warden of the institution.[3] 28 C.F.R. § 542.14 (2008). A prisoner who is not satisfied with the warden's response may submit a second appeal, referred to as a BP–10, to the appropriate BOP Regional Director for the region in which the correctional facility is located. 28 C.F.R. § 542.15(a) (2008). Finally, an inmate who is not satisfied with the Regional Director's response may submit a BP-11 appeal to the BOP's General Counsel. Id.

According to the complaint, Plaintiff was improperly found guilty of a UDC infraction while he was incarcerated at TCI. Plaintiff appealed the infraction, and the Warden denied Plaintiff's appeal at the BP-9 level.[4] Plaintiff then attempted to filed a BP-10 appeal with the appropriate Regional Director for TCI, the Privitization Management Branch (PMB). PMB rejected Plaintiff's BP-10 appeal on October 27, 2006, stating: "UDC action is not appealable to the BOP. You must use the grievance procedures at your facility." Complaint, p.8: 27-28. The complaint states that, pursuant to a joint GEO and BOP policy, inmates housed at TCI are denied BP-10 and BP-11 level administrative review. Plaintiff alleges that due to procedural and evidentiary deficiencies at his initial UDC hearing, access to BP-10 and BP-11 review would have resulted in the dismissal of his UDC infraction, and that the UDC infraction has adversely affected his custody status and caused him to lose institutional privileges. Plaintiff claims that he is similarly situated with other prisoners under the control of the BOP and that there is no rational basis for denying him access to the BP-10 and BP-11 administrative remedies that are afforded to other federal prisoners.

///

---

[3] DHO decisions must be appealed directly to the Regional Director for the region where the inmate is located. 28 C.F.R. § 542.14(d)(2). Plaintiff challenges only the administrative procedure provided to him with respect to UDC decisions.

[4] The complaint states that two BP-9's were filed, the first of which the Warden granted with instructions to the UDC to re-write the incident report.

The complaint names Defendants in both their individual and official capacities. To the extent Plaintiff seeks to sue Defendants in their official capacities for monetary damages, such claims are not cognizable. "[N]o Bivens-like cause of action is available against federal agencies or federal agents sued in their official capacities." Ibrahim v. Dep't of Homeland Sec., 538 F.3d 1250, 1257 (9th Cir. 2008) (citing FDIC v. Meyer, 510 U.S. 471, 485-86 (1994); Nurse v. United States, 226 F.3d 996, 1004 (9th Cir. 2000)).

**B. Equal Protection Claim**

"[T]he Due Process Clause of the Fifth Amendment subjects the federal government to constitutional limitations that are the equivalent of those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment."[5] Consejo De Desarrollo Economico De Mexicali, A. C. v. United States, 482 F.3d 1157, 1170 n.4 (9th Cir. 2007) (citing Bolling v. Sharpe, 347 U.S. 497 (1954)). The approach to Fifth Amendment discrimination claims is "precisely the same as the approach to equal protection claims under the Fourteenth Amendment." Weinberger v. Wiesenfeld, 420 U.S. 636, 637 (1975); but see Hampton v. Mow Sun Wong, 426 U.S. 88, 100 (1976) ("there may be overriding national interests which justify selective federal legislation that would be unacceptable for an individual State"). Where a government policy does not impinge on a fundamental right or disadvantage a protected suspect class, equal protection requires only that the policy "be shown to bear some rational relationship to legitimate state purposes." E.g. San Antonio Indep. Dist. v. Rodriguez, 411 U.S. 1, 40 (1973). A plaintiff may establish an equal protection claim by showing 1) the plaintiff is a member of an identifiable class; 2) the plaintiff was intentionally treated differently from others similarly situated; and 3) there is no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

///

///

---

[5] Plaintiff's claims do not state a due process claim outside the equal protection context, as prisoners have no due process right to a specific grievance procedure. See, e.g., Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). However, where the government has made a "substantial review proceeding generally available on [an] issue, the [government] may not, consistent with [equal protection], arbitrarily withhold it from some," Baxstrom v. Herold, 383 U.S. 107, 111 (1966) (discussing Fourteenth Amendment limitations on State action with respect to civil commitment hearings).

The complaint fails to state what each Defendant did that led to the deprivation of Plaintiff's constitutional rights. The complaint does not allege that BOP Defendants are responsible for the formulation or enforcement of the policy denying Plaintiff access to BP-10 and BP-11 appeals.[6] Even assuming that the BOP's policy denies Plaintiff equal protection, Plaintiff fails to allege that TCI Defendants applied the BOP's policy to Plaintiff in a discriminatory manner. Accordingly, Plaintiff's allegations are insufficient to state any claims against Defendants.

**C. Request for Injunctive Relief**

Plaintiff asks the Court to grant preliminary injunctive relief in the form of an order directing TCI and BOP to transfer Plaintiff back to a minimum security camp within the BOP. It also appears Plaintiff requests a permanent injunction directing the BOP and TCI to expunge the incident report from Plaintiff's file.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy in order to act. E.g. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Under the Prison Litigation Reform Act (PLRA), the Court must find that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the federal right." 18 U.S.C. § 3626(a)(1)(2008).

The basis of Plaintiff's complaint is that the unavailability of BP-10 and BP-11 administrative review at TCI denies Plaintiff equal protection. Neither expunging Plaintiff's record nor transferring Plaintiff back to a minimum security facility would correct the denial of BP-10 and BP-11 administrative review to Plaintiff. The injunctive relief sought by Plaintiff is not narrowly draw and does not correct the alleged equal protection violation. Accordingly, Plaintiff is not entitled to the injunctive relief requested in the complaint.

///

---

[6] Although the complaint states that Defendant Wrigley, TCI's Warden, denied Plaintiff's BP-9 appeal, it does not allege that Wrigley prevented the Plaintiff from submitting a BP-10 or BP-11 appeal. Plaintiff's allegation that Wrigley denied Plaintiff's BP-9 appeal, without more, does not allege a violation of any constitutional right.

5

1   **III. Conclusion and Order**

2       Plaintiff's complaint fails to state a claim against Defendants for violation of Plaintiff's
3   constitutional rights.  The Court will provide Plaintiff with the opportunity to file an amended
4   complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d
5   1446, 1448-49 (9th Cir. 1987).

6       If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but
7   must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or
8   other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (2007).  Although accepted as true,
9   the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .
10  . . ."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).  Plaintiff
11  may not change the nature of this suit by adding new, unrelated claims in his amended complaint.
12  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Finally, Plaintiff
13  is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,
14  114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must
15  be "complete in itself without reference to the prior or superceded pleading," E.D. Cal. R. 15-220.
16  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged
17  in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand,
18  644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

19      Based on the foregoing, it is HEREBY ORDERED that:

20      1.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

21      2.  Plaintiff's complaint is dismissed, with leave to file an amended complaint within
22          **thirty (30) days** from the date of service of this order; and

23      3.  If Plaintiff fails to comply with this order, this action will be dismissed for failure to
24          state a claim upon which relief may be granted.

25

26  IT IS SO ORDERED.

27  **Dated:    January 29, 2009**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE
28